

U.S. Department of Justice

United States Attorney
Eastern District of New York

TJS:NDB
F.#2016R02026

271 Cadman Plaza East
Brooklyn, New York 11201

April 26, 2019

By ECF

The Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Yoo Kim
      Criminal No. 17-231 (RRM)

Dear Judge Mauskopf:

  The government respectfully submits this letter in advance of sentencing in the above-captioned case, which is scheduled for May 8, 2019. For the reasons set forth below, the government recommends that a sentence between 135 and 168 months' imprisonment be imposed in this case.

 I. <u>Facts</u>

  Between June 2016 and February 2017, the defendant conspired to distribute methamphetamine in Queens, New York. Presentence Investigation Report ("PSR") ¶¶ 4-10. During that time, the defendant obtained methamphetamine from codefendants Jesus Espinal and Brian White, which the defendant then sold to customers. PSR ¶¶ 4, 6, 9. During the course of the investigation, Kim sold methamphetamine to a cooperating witness and an FBI informant on several occasions.

  On January 23, 2018, the defendant pled guilty, pursuant to a plea agreement with the government, before Your Honor to the sole count of the indictment, which charged that, between June 2016 and February 2017, the defendant conspired to distribute and possess with intent to distribute methamphetamine, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C). PSR ¶ 1. As part of his plea agreement, the defendant stipulated that he is responsible for at least 525 grams of actual methamphetamine. PSR ¶ 10.

II.  Guidelines Calculation

The government submits that the Guidelines calculation set forth below is correct.

| | |
|---|---:|
| Base Offense Level (drug quantity based on at least 150 grams of actual methamphetamine) (§ 2D1.1(c)(3)) | 34 |
| Less: Acceptance of Responsibility (§ 3E1.1) | -3 |
| Total: | 31 |

The total offense level is 31, which, based on a criminal history category of III, corresponds to an advisory Guidelines sentencing range of 135 to 168 months in custody.

Due to a mistake by the government calculating the defendant's criminal history points, the plea agreement estimated a Guidelines range of 121 to 151 months based on an offense level of 31 and a Criminal History Category of II. As set forth in the plea agreement, the incorrect estimate is not binding on the government or the Court, and the government agrees that the Guidelines calculation set forth in the PSR is correct.

III.  Discussion

The government respectfully requests that the Court impose a sentence within the advisory Guidelines range of 135 to 168 months. Such a sentence would be sufficient, but not greater than necessary, to achieve the goals of sentencing as set forth in Title 18, United States Code, Section 3553(a), and would appropriately reflect the seriousness of the defendant's criminal conduct, promote respect for the law, protect the public from the defendant, and deter the defendant and others from committing similar crimes in the future.

The offense of conviction here is a serious one and one that threatened public safety. The defendant sold significant quantities of methamphetamine—a harmful, powerful and addictive drug—to members of the local community. PSR ¶ 9. In his April 12, 2019 sentencing letter, the defendant contends that his own use of drugs warrants a downward variance. The defendant's personal history should be considered under Title 18, United States Code, Section 3553(a), but it does not, on its own, take this case out of the heartland of narcotics trafficking that all too often has devastating consequences.

IV.     Conclusion

        For the reasons set forth above, the government requests that the Court impose a sentence between 135 and 168 months' incarceration.

        Respectfully submitted,

        RICHARD P. DONOGHUE
        United States Attorney

By:     /s/ Nomi Berenson
        Nomi D. Berenson
        Assistant U.S. Attorney
        (718) 254-6308

cc:   David Sarratt, Esq. (via ECF)